Lane, C. J.
The question now before us is, whether the appeal can be sustained.
The authority to enter this nunc pro tunc order at a subsequent term, after a complete discontinuance, will be properly made on. certiorari. But taking for granted the power to enter the judgment, and that a valid judgment exists from which an appeal may be taken, the filing the bond and entering the appeal is evidently too late; for no judgment of June term is in being. The judgment exists and takes effect at April term, and the bond is filed in the following July.
The case differs from that of Moore v. Brown, decided at this term, ante, 197, in this respect, that here the appeal bond is not given until within thirty days after the term in which’ the order is made for entering a judgment, as of a former term; there the appeal *204, 205 bond was given within the thirty days after the term to which the nunc pro tunc judgment, by relation, belongs.
The authority to make nunc pro tunc entries, and their effect, has been often before the court, yet the principles upon which they depend are not laid down very plainly. Cases frequently 204] *occur, in which the power is undoubted, as when they relate to the amendments of returns, rules, and interlocutory orders. 3 Ohio, 553; 4 Ohio, 45; Wright, 495. And the power of setting aside final judgmnts for irregularity is admitted. 3 Ohio, 16, 519. In one case on the circuit, cited in 3 Ohio, 576, the court seem to recognize the same authority over final judgments, and admit, as a consequence, the right of taking the appeal at the term in which the last entry was made. But this court has denied any such authority of the common pleas to amend any of its final judgments, except in matters of form only, because the rjght of appeal is lost by lapse of time. 1 Ohio, 375 ; 3 Ohio, 16, 523.
Appeal dismissed.